IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 06-30414-H2-11 |
| EQUATOR CORPORATION | § | |
| | § | |

## MEMORANDUM AND ORDER FOLLOWING STATUS CONFERENCE

A status conference was conducted on April 5, 2006.

1. **Nature of the debtor's business**: Debtor is a wholesaler of consumer appliances. Almost all products were imported from Italy.

2. **Summary analysis of assets, claims, creditors, collateral and equity interest owners**: Debtor's principal assets are $240,000 in cash and FF&E. Debtor owns patents of indeterminate value for combination washer/dryer units. MetroBank has $2 million claim secured by the cash and there are at least $1.6 million in vender claims.

3. **Reasons for filing the petition**: Debtor experienced product problems with its principal supplier and engaged in substantial litigation that resulted in termination of the Italian supplier relationship. Debtor attempted to transition to a Chinese supplier, but has not been able to make that transition. MetroBank filed suit and this bankruptcy case was filed on the eve of finality of that judgment. The suit against the Italian supplier was resolved with a settlement that did not provide substantial recovery.

4. **Debtor's strategy for reorganization**: Debtor did not articulate a strategy for reorganization. The current discussions with MetroBank apparently relate to abandoning secured assets to the bank for the release of personal liability of the corporate principal.

5. **Anticipated significant events in the case**: Debtor anticipates dismissal of the case at or prior to the hearing on the MetroBank's Section 362 motion currently set for April 24.

6. **Compliance with provisions of the Bankruptcy Code:**

    a. <u>Obtaining orders for use of cash collateral</u>: Debtor has used cash collateral without permission and is in dispute with MetroBank. Debtor has filed a motion to use cash collateral.

    b. <u>Operating as a debtor in possession</u>: The U.S. Trustee reported that a § 341 meeting was conducted on March 21, 2006, and that following that meeting, the

United States Trustee sent a letter to Debtor explaining certain deficiencies and requirements for prosecution of the case. After an opportunity for Debtor and other parties to respond, and after consideration, the Court orders Debtor to comply with the requirements stated in the U.S. Trustee's letter, a copy of which is attached to this Memorandum/Order.

c. <u>Other</u>: Mr. Blanco intends to engage in an of-counsel relationship with Mr. Suarez because Mr. Blanco is pressed with other business. The U.S. Trustee is concerned about whether this arrangement constitutes fee-sharing. The attorneys have decided to file separate applications for employment and fee applications.

7. The deadline for filing a plan and disclosure statement is May 1, 2006. Debtor shall provide a courtesy copy of the plan and disclosure statement to the court's chambers at the same time that they are filed with the clerk. The Court will consider tentative approval of the plan and disclosure statement and combination of the hearings.

8. **The Debtor was examined concerning whether all tax returns have been filed.** Debtor reported that all tax returns have been filed and Debtor is current on all obligations

   **Debtor is further ordered to file all postpetition tax returns on the due date, without extensions, and to pay postpetition taxes when due.**

9. <u>Other</u>: The Court has substantial doubt that reorganization is possible. The § 105(d) conference is continued to be heard with the motion to lift stay on April 24, 2006 at 10:00 a.m. The Court anticipates further order for case management on that date.

SIGNED April 6, 2006.

*[signature: Wesley W. Steen]*

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE



U.S. Department of Justice

*Office of the United States Trustee*

*Southern and Western Districts of Texas Region*

515 Rusk, Suite 3516
Houston, Texas 77002
(713)718-4650
(713)718-4670 Fax

March 22, 2006

Jesse Blanco, Jr.　　　　　　　　　　　　　*(Via E-Mail at jesseblanco@sbcglobal.net)*
Attorney at Law
P.O. Box 680875
San Antonio, TX   78268

Celso B. Suarez　　　　　　　　　　　　　*(Via E-Mail at celso@sbcglobal.net)*
Attorney at Law
P. O. Box 701008
Houston, TX 77270

Re:　Case No. 06-30414-25-11 - *In re* Equator Corporation

Dear Mr. Blanco and Mr. Suarez:

I am writing to summarize the outstanding items as a result of yesterday's meeting of creditors.

As the testimony at the creditors' meeting made clear, the debtor should: (a) prepare and file and amended schedule B which corrects the cash surrender value of its insurance policies, attaches an itemized listing of its pre-petition receivables, adds any outstanding loans to shareholders, deletes its claim against Eagle Global Logistics, specifies its patents and patent applications, and discloses any amounts owed to debtor by Equator Plaza or any other entity; (b) transmit to the UST evidence, in the form of a certificate of insurance, of workers' compensation insurance; (c) obtain lienholder consent or court approval for use of cash collateral; (d) prepare and file an application to retain an accountant, special patent counsel, and an engineering firm, if necessary; (e) transmit to the UST a copy of its 2005 federal income tax return, including all schedules and attachments; and (f) transmit to the UST evidence that its corporate charter was reinstated.

The debtor should prepare and file monthly operating reports on a timely basis. Operating reports are due on or before the twentieth of the month following the reporting period.

Moreover, the debtor should comply fully with section 346, with the deposit requirements of the Internal Revenue Code and its Regulations, and with all state tax law requirements.

Sincerely,

RICHARD W. SIMMONS
UNITED STATES TRUSTEE

By:　　/s/ Hector Duran
　　　　Hector Duran
　　　　Trial Attorney